instructed in conformity with the rule adopted in that decision.

The judgment below must be reversed, and a new trial directed, with costs to abide the event of the suit.

## DUNCAN v. GREAT WESTERN INSURANCE CO.

### June, 1867.

#### Affirming 5 *Bosw.* 369.

The loss of a vessel insured should be deemed effectual and certain from the time the vessel was so injured that her destruction became inevitable; and the claim for damage must be deemed to have then attached, although she was kept afloat for some time after such injury.

Those who had an interest in the vessel, at the time of such fatal injury, may recover upon the policy, notwithstanding the fact of their having subsequently, and before the sinking of the vessel, made an assignment of their interest to others who were ignorant of the injury.

Charles C. Duncan, Theodore and William D Crooker, Theodore Ripley, and twelve others, sued defendants in the New York superior court, to recover upon a marine policy, issued by the defendants on the ship Adrianna, of Bath, for eight thousand dollars for one year from April 1, 1856.

The policy was obtained by C. C. Duncan, "on account of whom it might concern, in case of loss to be paid to them." On April 12 the vessel sailed from the port of New York, bound to San Francisco, her first place of destination, with a cargo of coal. She was then in good condition and well manned. On the 16th, and also on the 18th of the same month, she encountered storms and severe gales, with squalls of wind, which strained upon her seams and wood-ends, producing openings and causing leaks, which injuries resulted in her total loss. By great exertion of the master and crew she was kept afloat until May 5, when she was abandoned in a sinking condition, and immediately went down.

At the time of the inception of the risk, the plaintiffs were all interested in the vessel, part as owners—their interest being subject to mortgage liens—and part as mortgagees; and no

change in the ownership occurred until after the vessel received its fatal injury, nor, indeed, until she sank, except that on April 24 three of the plaintiffs, David Crooker, William D. Crooker, and Theodore Ripley, executed and delivered a bill of sale of their interest—being one-fourth part—to Kendall and Richardson, who were not parties to the action.

Proofs of loss and interest were duly presented to the defendants for and in behalf of the owners, but no demand was made by or in behalf of the mortgagees before suit.

On the trial, the defendants admitted their liability for three-fourths of the loss and claim, but defended as to the remaining fourth, solely on the ground that there had been a change of interest as to this fourth, after the inception of the policy, and before the loss occurred.

On the question of fact the jury found specially, that the vessel received a fatal injury prior to April 24—the time of transfer of the one-fourth—which caused her subsequent loss, by sinking, on May 5. The superior court directed judgment against the defendants for the whole claim, holding that in legal construction the loss occurred prior to the transfer of the one-fourth of the vessel, on April 24.

The opinion of the superior court will be found reported under the title of Crosby v. New York Mutual Ins. Co. (5 *Bosw.* 369), a similar case decided by that court at the same time with this.

*William M. Evarts,* for defendants, appellants;—Cited 1 *Phill. Ins.* 383; Donnell v. Walsh, 32 *N. Y.* 143; Hitchcock v. N. W. Ins. Co., 26 *Id.* 68; 2 *Am. Lead. Cases,* 454; *Phil. Ins.* 185, and cases cited; § 17, 14; Powles v. Innes, 11 *Mees. & W.* 10; Carroll v. Boston Mar. Ins. Co., 8 *Mass.* 515; Knight v. Faith, 15 *Q. B.* 649. As to subrogation, 5 *Paige,* 94.

*Dexter A. Hawkins,* for plaintiffs, respondents;—cited Saddler's Co. v. Babcock, 2 *Atk.* 556; 2 *Duer on Ins.* 29; 49, § 27, 5, 6; Lynch v. Dalzell, 4 *Bro. Cases in Parl.* 431; Lazarus v. Commonwealth Ins. Co., 19 *Pick.* 81, and 5 *Pick.* 77; Carroll v. Boston M. Ins. C., 8 *Mass.* 515; Gordon v. Mass. F. & M. Ins. Co., 2 *Pick.* 258; Gourdon v. Ins. Co. of *N. A.,* 3 *Yeates,*

327; *Phil. Ins.* § 77, and cases cited; § 80, § 98, 706, 707; Lord ABINGER and B. PARKE, 11 *Mees. & W.* 10; Wells *v.* Archer, 10 *Serg. & R.* 412; 1 *Arnold*, 211, § 98, 219, 252; 1 *Emerigon*, ed. 1827, p. 296; 3 *Boulay Paty Droit de Com.* 384; Hill *v.* Patten, 8 *East*, 377; Perchard *v.* Whitmore, 2 *Bos. & P.* 155; Sparkes *v.* Marshall, 3 *Scott*, 184; 2 *Bing. N. C.* 774; *Code*, §§ 144, 147, 148; Irving *v.* Richardson, 1 *M. & Rob.* 153; Rogers *v.* Traders Ins. Co., 6 *Paige*, 587; Brown *v.* Bement, 8 *Johns.* 96; Ackley *v.* Finch, 7 *Cow.* 290; Jones *v.* Smith, 2 *Ves. Jr.* 378; Langdon *v.* Buel, 9 *Wend.* 80; Ferguson *v.* Lee, *Id.* 258; Case *v.* Boughton, 11 *Id.* 106; Russell *v.* Union Ins. Co., 4 *Dall.* 424; Glover *v.* Black, 3 *Burr.* 1394; Wolf *v.* Horncastle, 1 *Bos. & P.* 316; Belknap *v.* Sealey, 14 *N. Y.* (4 *Kern.*) 143; 2 *Duer*, 570; Barr *v.* Gibson, 5 *Mees. & W.* 390; Furneaux *v.* Bradly, *Marsh. on Ins.* 584; Coit *v.* Smith, 3 *Johns. Cas.* 16; Howell *v.* Protection Ins. Co., 7 *Ohio*, 284; Stagg *v.* U. S. Ins. Co., 3 *Johns. Cas.* 34; Roux *v.* Salvador, 3 *Bing. N. C.* 286; 2 *Arnould*, 1000, 1004; Mellish *v.* Andrews, 15 *East*, 15.

BY THE COURT.—BOCKES, J. [After stating the facts.]— Accepting the facts to be as proved and found—that the vessel had received a fatal injury prior to April 24; that after such injury she was a mere wreck, kept afloat by the utmost exertion of the master and crew, unable to proceed on her voyage, or indeed to make headway toward any port, save under the most favorable circumstances of wind and tide—and the judgment of the court below was obviously right.

As the case comes before us, we must regard these facts as definitely and conclusively established. Immediately after the injury was apparent, the vessel was directed toward the nearest accessible port; and although changes were afterwards made in the direction, they were deemed necessary by reason of the shifting of the wind and the extremely hazardous condition of the ship; and notwithstanding the exercise of the utmost prudence, and after exhausting efforts from all on board, she sank at sea. The loss should, therefore, be deemed effectual and certain from the time the vessel was so injured and crippled as that her destruction became inevitable; and in this case the claim for damage must be deemed to have attached when the

injury was received which ultimately, and before she could be brought to port, caused the destruction of the vessel (3 *Johns. Cas.* 16; 7 *Ohio*, 284; *Phil. on Ins.* 685, 686; *Arn. on Ins.* 1000–1004). The sale of the one-fourth on April 24 to Kendall and Richardson, the vessel then being a mere wreck, on the supposition and understanding of the parties that she was seaworthy, was of no force as a contract of sale. If the consideration was unpaid, it could not be recovered; or, if paid, could be recovered back.

In my opinion the superior court ruled correctly in holding that the defendants were liable for the full amount of the insurance; and the judgment appealed from should be affirmed, with costs.

All the judges concurred.

Judgment affirmed, with costs.